United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTIN LEE FOSTER,<br>Plaintiff,<br>v.<br>PAMELA L. BUTLER, et al.,<br>Defendants. | Case No. 25-cv-09620 EJD (PR)<br>**ORDER OF DISMISSAL** |

Plaintiff, who is currently detained at Monterey County Jail, filed the instant pro se civil rights action pursuant to 42 U.S.C. § 1983 against state superior court judges for Monterey County. Dkt. No. 1. The Court dismissed the complaint with leave to amend for Plaintiff to attempt to state a cognizable claim that is not barred by judicial immunity. Dkt. No. 17. Plaintiff filed an amended complaint on May 11, 2026, and "third amended complaint" on August 27, 2026. Dkt. Nos. 19, 20.

## DISCUSSION

### A. Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1), (2). Pro se pleadings must, however, be liberally

construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

**B. Plaintiff's Claims**

In the original complaint, Plaintiff named two state superior court judges for Monterey County as defendants: (1) the Honorable Pamela L. Butler, and (2) the Honorable Jennifer O'Keefe. Dkt. No. 1 at 2. Plaintiff claimed Judge O'Keefe was the original assigned judge to his case, and that Judge Butler "took over the case proceedings without a reassignment order." Id. at 3. He alleged that the "preliminary judge retained jurisdiction over the matter unless and until a lawful reassignment order is entered." Id. Plaintiff claimed Judge Butler made rulings and presided over substantive matters in his case "without legal authority" and therefore "in clear absence of jurisdiction." Id. He also challenged the "seizure" of a letter he wrote to the FBI regarding this issue, which he alleged was "obtained by a state actor and used without a warrant, and was treated as incriminating material," which constitutes "interference, obstruction, or retaliatory action." Id. at 3-4. Plaintiff claimed that "a Judge is not immune where she acts without jurisdiction." Id. at 4. He seeks damages. Id.

A state judge is absolutely immune from civil liability for damages for acts performed in his judicial capacity. See Pierson v. Ray, 386 U.S. 547, 553-55 (1967) (applying judicial immunity to actions under 42 U.S.C. § 1983). Judicial immunity is an immunity from suit for damages, not just from an ultimate assessment of damages. See Mitchell v. Forsyth, 472 U.S. 511, 526 (1985). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence

United States District Court
Northern District of California

of all jurisdiction.'" Stump v. Sparkman, 435 U.S. 349, 356-57 (1978) (citing Bradley v. Fisher, 80 U.S. (13 Wall.) 335, 351 (1872)); see also Mireles v. Waco, 502 U.S. 9, 11 (1991) (judicial immunity is not overcome by allegations of bad faith or malice); Sadorski v. Mosley, 435 F.3d 1076, 1079 n.2 (9th Cir. 2006) (mistake alone is not sufficient to deprive a judge of absolute immunity).

The original complaint was dismissed because Plaintiff made only conclusory allegations that Judge Butler had no "jurisdiction" over his case because there was no reassignment order. He provided no legal sources to support his conclusion that a reassignment order is necessary to give a different judge "jurisdiction" over his case,[1] or that the lack of such an order violated his constitutional rights. Otherwise, all the alleged actions by Judge Butler, *i.e.*, making rulings and presiding over substantive matters, appear to have been performed in her judicial capacity. In the interest of justice, Plaintiff was granted leave to amend to attempt to state a cognizable claim against defendants that is not barred by judicial immunity.

The amended and "third" amended complaints do not correct the deficiencies discussed above. He alleges that Judge O'Keefe "did not legally commit him" because the preliminary examination by the prosecution was "conducted in such a manner that denied Plaintiff a fair hearing." Dkt. No. 19 at 2. He repeats his allegation that Judge Butler took over the case "lacking jurisdiction to try Plaintiff" and that she "made rulings and presided over matters clearly absent jurisdiction." Id. at 3. In the "third" amended complaint, Plaintiff repeats his allegation that Judge Butler presided "without lawful assignment, without issuance of a reassignment order and without plaintiff's consent." Dkt. No. 20 at

[1] Plaintiff appears to misunderstand jurisdiction as referring to the authority of individual judges to preside over his case. However, jurisdiction refers to the legal authority of the Superior *Court* of Monterey County, not the individual judges presiding therein, to hear and decide felony and misdemeanor cases occurring within the county. Plaintiff does not allege that the Monterey County Superior Court does not have jurisdiction over his criminal case.

1. Plaintiff provides no legal sources to support his claims, and as before, his allegations fail to establish that the state court judges acted other than in their judicial capacities. Accordingly, the claims against these state court judges are DISMISSED as barred by judicial immunity.

**CONCLUSION**

For the foregoing reasons, the claims against Defendants Pamela L. Butler and Jennifer O'Keefe are barred by judicial immunity. See Pierson, 386 U.S. at 553-55. Accordingly, the claims against them are **DISMISSED with prejudice.**

**IT IS SO ORDERED.**

DATED: September 21, 2026

EDWARD J. DAVILA
United States District Judge

United States District Court
Northern District of California